(80 Misc. Rep. 137.)

### In re WICKWIRE'S ESTATE.

(Surrogate's Court, Erie County.　March, 1913.)

WILLS (§ 221*)—PROBATE—REVOCATION—GROUNDS.

　　Where, on the hearing of a proceeding to probate a will, an infant heir was represented by a special guardian skilled in law and probate practice, who carefully protected her rights, in the subsequent proceedings she was represented by a special guardian whenever her rights were involved, the accounting was subsequently had, after attaining her majority she signed and acknowledged a release and received her legacy, and there was nothing to indicate that she had been wronged in any manner, or that her rights were not carefully protected, the probate would not be set aside on her application merely because the only evidence as to the testator's mental capacity was that of another legatee.

　　[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 539–541; Dec. Dig. § 221.*]

Application to set aside a decree admitting to probate the will of Napoleon B. Wickwire, deceased.　Application denied.

Nelson T. Barrett, of Buffalo (Clark H. Timerman, of Buffalo, of counsel), for petitioner.

William G. Kilhoffer, of Buffalo (Charles A. Hahl, of Buffalo, of counsel), for executors.

HART, S.　The decree of probate in the above-entitled proceeding was entered in this office September 26, 1900.　The petition for probate set forth the only heir and next of kin to be Grace Von Cleaf, grandchild, an infant.　Upon the return of the citation in August, the infant appeared by her general guardian, and a special guardian was also appointed to represent the infant.　The proceeding was adjourned, and the testimony of the subscribing witnesses was taken in open court, as was also the testimony of Irving D. Eckerson, who was named one of the executors in the will.

The present application for the opening of the decree is based on the admission of evidence of the witness Eckerson, alleging it to be incompetent because of his interest as a legatee.　There is no evidence before me indicating that the former infant has been wronged in any manner, or that her rights were not carefully protected; petitioners having rested on their pleadings and submission of the record.　The citation for probate was regularly issued.　The infant not only appeared by general guardian, but had the advice and counsel of a special guardian.　The decree of probate was signed by my predecessor in office, after negotiation and investigation had been made, and an agreement was entered into whereby the infant's legacy was materially increased.　Intermediate orders to show cause were had before this court, the infant always appearing by her general guardian, and whenever her rights were involved Judge Washburn appeared for her and was appointed special guardian.　He filed with the court, at the time of the entry of the decree of probate, a

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

verified report setting forth the result of his investigation and nego-
tiations, and also his recommendation that the will should be admitted
to probate. An accounting was subsequently had, all of which, from
an examination of the papers on file, appear to have been regularly
passed upon. The infant, shortly after attaining her majority, ap-
peared in court and under the supervision of Judge Washburn signed
and acknowledged her release and received the legacy, with accumula-
tions, as agreed upon previous to the entry of the decree probating
the will.

I have examined the cases cited by counsel, and have read over
the entire record in this estate. I find that neither of the subscribing
witnesses were examined as to the mental capacity of testator, and
that the witness Eckerson, without objection, supplied the defect.
Why this was done there is nothing in the record to indicate. It
has been established that the interest an executor might have in an
estate, so far as commissions are concerned, would not disqualify
him as a witness, the bequest to the witness being a legacy in lieu
of commissions; but, without regard to this technicality, all parties
in interest were in court on the original citation, the special guardian
is a man skilled in law and practice appertaining to probate practice,
and, so far as I can ascertain, labored diligently in behalf of his ward.
I therefore can see no reason why the decree should be disturbed.

Petitioner's application is therefore denied, without costs to either
party.